SHANKLAND V. HAMILTON *et al.*, appellants.

*Undertaking — on appeal to court of appeals, what is covered by — appeal from a judgment for possession of real estate — value of use fixed by court.*

Upon an appeal to the general term from a judgment in favor of the plaintiffs therein for the possession of real property, defendant gave an undertaking according to sections 334 and 338 of Code, but gave none to pay costs of judgment appealed from amounting to $238.31. The general term affirmed the judgment with costs of appeal. The defendant appealed to the court of appeals, giving an insufficient undertaking. Said plaintiffs brought action on the first undertaking for the general term costs and $50, value of use of premises in suit, as fixed by a supreme court justice. Afterward, on the application of defendant, a justice fixed the value of the use of the premises " from the time of the appeal until the delivery of possession at $450."

After this by leave of court, the defendant filed and served a new undertaking in the last appeal " as of the time when the notice of appeal was served," which undertaking was in compliance with said sections 134 and 138. Thereupon the action on the undertaking given on the first appeal was discontinued. The costs on appeal to general term and the $50 value of use, etc., were paid by defendant. The court of appeals affirmed the judgment. In an action upon the undertaking last given :

*Held,* that the judgment for costs of trial, etc., for $238.31, as well as those of appeal, were included in and covered by such undertaking. The affirmance of the judgment by the court of appeals was an affirmance of the entire judgment and included such costs.

That the $50 for value of use, etc., could not be applied toward the $450. The order fixing this last sum was for the use of the premises during the appeal to the court of appeals.

THIS is an appeal from a judgment entered in favor of plaintiff on the report of a referee.

On the 3d day of March, 1864, Augustus C. and Ira M. Moore recovered a judgment in the supreme court against James T. Hamilton for the possession of certain real property, and two hundred and thirty-eight dollars and thirty-one cents costs.

The defendant appealed to the general term from said judgment, and for that purpose executed an undertaking in accordance with sections 334 and 338 of the Code, but gave no undertaking to pay the costs recovered by the judgment appealed from.

The general term affirmed the judgment, with costs of the appeal, adjusted at $130.31, and judgment perfected July 31, 1865.

On August 7, 1865, the defendant served notice of appeal from

the judgment of the general term, affirming the judgment of the special term, to the court of appeals, and gave an undertaking which was wholly insufficient to stay the proceedings on the judgment.

An action was commenced by the Moores on the undertaking given on the appeal to the general term, to recover the costs of the appeal, $130.31, and the $50 for the value of the use of the premises, as fixed by Justice BACON.

The defendant (November 11, 1865) gave notice of application to Justice MORGAN " to fix the value of the use and occupation of the property described in the complaint, from the time of the appeal until the delivery of the possession, pursuant to the judgment." Justice MORGAN fixed the amount at $450, in the language following: " I hereby fix the value of the use and occupation of the property, from the time of the appeal until the delivery of the possession, at $450."

On the 30th of November, 1865, defendant gave notice of motion before Mr. Justice MORGAN for the 19th of December, 1865, for leave to file and serve a new undertaking *as of the time when the notice of appeal to the court of appeals was served.* Said motion was made and granted.

In pursuance of the leave granted by Justice MORGAN's order, the defendant gave the undertaking now in suit, which is the undertaking prescribed by sections 335 and 338 of the Code, and which when given stays all proceedings in the court below, on the judgment appealed from, or upon the matters embraced therein, by the express provisions of section 339 of the Code.

In consequence of said order the plaintiffs were obliged to discontinue their suit on the undertaking given on the appeal from the special to the general term.

The costs of the appeal to the general term and also the fifty dollars provided for and secured by the undertaking in the appeal to the general term were paid. The referee found that the judgment of $238.31 was included and covered by the last undertaking, and that plaintiff was entitled to recover for the same in this action. Also, that the $50 paid for the use of the premises did not apply or pay or discharge any part of the $450 mentioned in the undertaking, and that the time for which the latter amount was fixed commenced at the date of the appeal to the court of appeals, and refused to find that it was from the time of appeal to the general term, and reported

in favor of the plaintiffs for the sum of $1,116.72. The defendants excepted to the findings of the referee and his refusal to find as requested.

It appeared that the undertaking before the commencement of the action was duly assigned to the plaintiff.

The case was submitted upon printed points.

*Hiscock, Gifford & Doheny,* for appellants.

*Wm. H. Shankland,* for respondent.

Miller, P. J. The defendants' counsel insists that the costs upon the trial before the referee, $238.31, in the case of *Moore* v. *Hamilton,* cannot be recovered in an action upon the undertaking given by the the defendants and upon which this action is brought.

In this position I think the counsel is wrong, and that the undertaking in suit covers and includes the costs in question. It was given upon the appeal from the general term to the court of appeals, in accordance with section 335 and section 338 of the Code. The judgment was in part for the payment of money, and the undertaking provides in the language of section 335, "that if the judgment appealed from or any part thereof be affirmed the defendant will pay the amount directed to be paid by the judgment," etc. The judgment appealed from was the judgment affirming the referee's decision, and the amount included in that was the costs of the trial as well as of the appeal. It was, in fact, but one judgment, although the costs of the appeal were entered separately on the original judgment roll in continuation of the same. *Eno* v. *Crook,* 6 How. 462.

I think the costs of trial before the referee were covered by the undertaking and are within the meaning of the same. This view of the subject is also sustained by the fact that under section 339 of the Code the undertaking operated as a stay of proceedings. This could not have been intended unless security was given for the final payment of the judgment upon its affirmance on appeal. The object of the undertaking is to procure an absolute stay of execution and of all proceedings in the judgment, and such is its effect. *Seacord* v. *Morgan,* 3 Keyes, 640. It would be in contravention of this intention, to hold that the undertaking did not include the costs in question.

The learned counsel for the defendants claims, that the under-

taking given upon the appeal to the general term, being under section 334 and section 338 of the Code, did not prevent the issuing of an execution for the $238.31, or operate as a stay in this respect, and, therefore, that sum is not covered by the undertaking upon which this action is brought. I think that this construction is erroneous, and that the affirmance of the judgment by the court of appeals is an affirmance of the entire judgment which must include the costs in question.

The defendant's counsel also insists, that the fifty dollars paid on the general term undertaking for the use of the premises during the time of the appeal from the special to the general term should have been deducted, although the undertaking upon which this action was brought provides for the payment of the value of the use and occupation of the property "from the time of the first appeal." I am inclined to think that as this sum was proved to have been paid and the referee has found that it was paid upon the undertaking on the appeal to the general term, and as the notice of motion to fix the amount and the order fixing the same was for the use of the premises during the appeal to the court of appeals, that the fifty dollars was properly disallowed. That such was the intention is also proved by the notice of motion, for leave to file a new undertaking and the order thereupon, which provided for the value from the time of the appeal. The undertaking, therefore, contained more than was required or authorized, either by law or the orders referred to, and the referee properly held that the plaintiffs were entitled to recover for the full amount named therein.

There was no error in any of the rulings of the referee, and the judgment entered upon his report must be affirmed, with costs.

*Judgment affirmed.*